[L. A. No. 8955. Department Two.—December 20, 1927.]

W. D. HAWORTH, Respondent, v. SOUTHERN COUNTIES GAS COMPANY, Appellant; CITY OF LOS ANGELES, Intervener and Respondent.

[1] NEGLIGENCE—PERSONAL INJURIES—FINDINGS—SUFFICIENCY OF EVIDENCE.—In this action for damages for personal injuries arising out of a gas explosion alleged to have occurred through defendant's negligence, it is held that the evidence was sufficient to sustain the findings.

[2] ID.—INSTRUCTIONS—CONSEQUENCES OF NEGLECT.—In such a case, the use of the phrase "possible or probably consequences of neglect on its part" by the court in its instructions to the jury as to what the law requires of a gas company in selecting and laying and caring for its pipe and the consequences of neglect on its part, it is held was not misleading under the facts of the case and the entire body of instructions which were given.

(1) 28 C. J., p. 602, n. 19.    (2) 38 Cyc., p. 1779, n. 76.

APPEAL from a judgment of the Superior Court of Los Angeles County. Harold Louderback, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

George L. Greer and LeRoy M. Edwards for Appellant.

Clement L. Shinn and Walter J. Little for Respondent Haworth.

Jess E. Stephens, City Attorney, and Jerrell Babb, Deputy City Attorney, for Respondent City of Los Angeles.

RICHARDS, J.—This appeal is from a judgment in favor of the plaintiff in an action for damages arising out of a gas explosion occurring at San Pedro harbor, whereby the plaintiff was injured, which he alleges occurred through the negligence of the appellant, Southern Counties Gas Company. The facts of the case as shown by the evidence, which is not in substantial conflict, are briefly as follows: The appellant at the time of the explosion in question,

and for some time prior thereto, maintained and operated a gas distributing system in the vicinity of Wilmington and San Pedro, which extended along the waterfront in that region, and one of the projections of which, in the form of a gas main or pipe, was located along and under the premises where the explosion occurred through which the plaintiff received his injuries. The City of Los Angeles has for some time been engaged in filling in the lands behind the rubble wall in the vicinity of which said pipe-line was laid, and in the course of such work had been previously and was at the time of said explosion engaged in operating a locomotive crane, which was used in exca-vating the sand and soil from the bottom of the channel adjacent thereto and depositing the same on the landward side of said wall. The negligence with which the appellant was charged was that its said pipe underlying the point at which said work was being prosecuted was laid without any sufficient foundation or support under it and was at the joints thereof insufficiently welded, although the ap-pellant knew or should have known that heavy machinery and heavy loads would necessarily be placed upon the surface of the ground under which said gas-main was laid, in the course of the operations of said city, which opera-tions were under way at the time said gas-pipe was laid. The plaintiff was an employee of said city, engaged in the operation of said locomotive crane, which was stationed immediately above the spot where the gas explosion oc-curred, which, according to the plaintiff's averments, was due to the insufficient welding and support of its aforesaid pipe. The defendant, in its answer to plaintiff's complaint, denied any negligence upon its part which would constitute a proximate cause of the plaintiff's injuries. After the filing of said answer the City of Los Angeles, by leave of the court first had and obtained, filed a complaint in inter-vention, wherein it also alleged that the defendant, South-ern Counties Gas Company, was negligent in the respect already averred by the plaintiff, and that as a result thereof the plaintiff, as its employee, suffered the injuries com-plained of, and that as a result of such injury the said intervener had been obliged to expend on account of said injuries to its employee and of its obligation to him under

the Workmen's Compensation Act a·large sum of money for compensation, and also for hospital fees, nurses, physicians, medical supplies, and medicine, aggregating the sum of $4,775.94, for which it sought a recovery from said defendant. The jury returned a verdict in favor of the plaintiff for the sum of twenty-one thousand five hundred dollars, which apparently was intended to cover the outlays of the intervener; and from the judgment entered upon said verdict the defendant has prosecuted this appeal.

[1] The main contention upon which the appellant relies upon this appeal is that the evidence is insufficient to sustain the verdict or the judgment entered thereon. We do not deem it necessary to enter upon an elaborate review of the extensive record embracing the evidence educed upon the trial of this cause, since from a careful examination thereof we are satisfied that the evidence was abundantly sufficient to sustain such verdict and judgment.

[2] As to the appellant's further contention that the court was in error in giving certain instructions to the jury, we find that the only instruction which the appellant quotes as subject to its criticism is one which reads as follows: "The law requires of a gas company that it shall use reasonable ahd proper care, under all circumstances, in selecting its pipe, in laying its pipe, in taking care of it afterward, looking after it—and this question of reasonable and proper care has reference, of course, to the kind of instrumentality that it was dealing with and to the possible or probable consequences of neglect on its part. But the principle by which its conduct is to be regulated is one of reasonable and proper care under the circumstances." This instruction we find by reference to the original record is but one of a large body of instructions which seem to cover every phase of the issues to be tried and determined by the jury, and while said instruction standing alone might be subject in some degree to the appellant's criticism of it because of the use therein of the phrase "*possible* or probable consequences of neglect on its part," the jury could not have been misled thereby in view of the facts of the case and of the entire body of instructions which was given to it. The case should not, therefore, be reversed on that ground.

Finding no other error in the record the judgment is affirmed.

Shenk, J., and Langdon, J., concurred.

Hearing in Bank denied.

All the Justices concurred.